IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO ENRIQUEZ, § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. _____ | |
| § | | |
| BREITBOY EXPRESS, INC. § | JURY DEMANDED | |
| AND STEPHEN JOSEPH FOSS § | | |
| *Defendants* § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

NOW COMES Plaintiff, Ricardo Enriquez, complaining of Defendants, Breitboy Express, Inc. and Steven Joseph Foss, and in support thereof would respectfully show the Court as follows:

### I. Venue and Jurisdiction

1. Plaintiff, Ricardo Enriquez, (hereafter "Plaintiff Enriquez") is a resident of the State of Texas.

2. Defendant, Breitboy Express, Inc. (hereinafter "Defendant Breitboy"), is a corporation formed in and under the laws of the State of Florida and may be served with process through its registered agent, Tammy Duque, 716 E. 9th Street, Apopka, Florida 32703. Service of citation (with attached pleading) and thus proper notice of this legal proceeding is hereby requested.

3. Defendant, Steven Joseph Foss (hereafter "Defendant Foss") is a commercial truck driver for Breitboy Express, Inc., and upon information and belief is a resident of the State of Florida. Mr. Foss may be served with process at his residence 1308 N. 14th Street, Leesburg, Florida 34748.

4. The matter in controversy exceeds the sum or vale of $75,000, exclusive of interest and costs.

5. Diversity jurisdiction is invoked pursuant to 28 U.S.C. § 1332. The motor vehicle accident, which is the subject of this complaint, occurred on in the County of San Patricio, State of Texas.

## II.  NATURE OF THE CASE

6. On or about January 12, 2016, Plaintiff, Ricardo Enriquez, was travelling north on Voss Avenue, San Patricio County, Texas. At approximately the same time, Defendant's employee, Steven Joseph Foss, acting within the course and scope of his employment, was operating Defendant's 2005 International truck/tractor-trailer/rig ("tractor-trailer"), and travelling south on Voss Avenue, San Patricio County, Texas. Defendant Foss made a left turn to pull into Odem Tire Service and struck the vehicle operated by Plaintiff Ricardo Enriquez and causing him serious injuries.

7. At the time of the accident, Defendant Foss was employed by the Defendant, Breitboy Express, Inc., was driving a semi-trailer owned by the Defendant, and was acting within the course and scope of his employment with Breitboy Express, Inc.

## III.  CAUSES OF ACTION

### COUNT I – NEGLIGENCE OF DEFENDANT FOSS

9. The allegations alleged in paragraph 1-7 are realleged and are incorporated herein by reference.

10. Defendant Foss was a professional driver and had a duty to exercise care in the operation of the semi-trailer, and he breached that duty of care by, *intra alia:*

    a. Failing to keep a proper lookout;

    b. Failing to take proper evasive action;

    c. Failing to operate his vehicle in a prudent and reasonable manner;

    d.    Failing to keep a proper lookout;

    e.    Changing lanes when unsafe;

    f.    Failing to maintain a proper speed and control under the circumstances; and

    g.    Reckless driving.

11. Defendant Foss's conduct was malicious, willful, reckless or in wanton disregard of the rights and safety of others.

12. As a direct and proximate cause of Defendant Foss's negligence, Plaintiff Ricardo Enriquez sustained serious injuries and damages, including pain and suffering, mental anguish and distress, loss of enjoyment of life and loss of future earnings. Additionally, Plaintiff Ricardo Enriquez seeks relief for the injuries and damages pursuant to Texas State laws.

### COUNT II – NEGLIGENCE OF DEFENDANT BREITBOY

13. Plaintiff, Ricardo Enriquez, incorporates by reference each and every allegation contained in Paragraphs 1 through 12 of Plaintiff's Complaint for Personal Injuries set forth above as though fully set forth herein.

14. Defendant Foss was an employee of Defendant Breitboy and was acting within the course and scope of that employment at the time of the accident. As such, Defendant Breitboy is directly liable for the wrongful acts or omissions of Defendant Foss.

15. Under information and belief, Defendant Breitboy is engaged in the business of commercial transportation throughout the United States.

16. Defendant Breitboy had a duty to exercise reasonable care in the management and operation of its commercial trucks.

17. Additionally, Defendant Breitboy had an obligation to the public to hire, train, retain, and supervise safe and competent drivers, and is liable for any and all damages that resulted from the negligence in its hiring, training retaining, or supervision of its employees.

18. Defendant Breitboy failed to exercise reasonable care in the management and operation of its commercial trucks, and failed to exercise reasonable care in the hiring, training supervising and/or retaining of its employees.

19. As a direct and proximate result of the aforementioned negligence and/or acts and omissions of the Defendant Breitboy, Plaintiff, Ricardo Enriquez, suffered serious injuries requiring substantial costs and expenses; past, present and future loss of enjoyment of life; past, present and future emotional distress; past, present and future pain and suffering; past, present and future loss of household services; all in an amount not presently determinable, for which he seeks relief pursuant to New Mexico State laws.

## COUNT III: NEGLIGENCE *PER SE*

20. The allegations alleged in paragraphs 1 -19 are realleged and are incorporated herein by reference.

21. The following acts and/or omissions of Defendants constitute negligence *per se* by Defendants Breitboy and Foss, jointly and severally, by and through their agents, servants and/or employees acting in the course and scope of employment:

   a. violation of § 392.2 – "Applicable Operating Rules";

   b. violation of § 66-8-113 – "Reckless Driving" and

   c. violation of § 66-7-3 NMSA – "Required obedience to traffic laws".

22.     The unexcused violation of an administrative regulation or statute or ordinance established to define a reasonably prudent person's standard of care is negligence *per se.*

### COUNT IV.  LEGAL DAMAGES AND RECOVERIES TO COMPENSATE PLAINTIFF

23.     At the time of his injuries, Plaintiff, Ricardo Enriquez, was in reasonably good health with a normal life expectancy.

24.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and will continue to suffer a tremendous loss of life and family.  Plaintiff seeks all just and right remedies at law and in equity, including but not limited to:

- A.  Reasonable medical care and expenses in the past.
- B.  Reasonable and necessary medical care and expenses, which will in all reasonable probability be incurred in the future.
- C.  Loss of earnings in the past.
- D.  Loss of earnings and earning capacity, which will, in all probability, be incurred in the future.
- E.  Mental anguish in the past.
- F.  Mental anguish in the future, which will in all probability, be incurred in the future.
- G.  Pecuniary loss in the past.
- H.  Pecuniary loss in the future, which will in all probability, be incurred in the future.
- I.  And all other legal damages and just and right compensation as allowed both in law and in equity.

25.     All losses, harm, and legal damages suffered by Plaintiff were caused by, and proximately caused by, Defendant's negligent acts and/or omissions (some of which are listed herein).  For all such claims and losses, Plaintiff now sues.

26.     Plaintiff, Ricardo Enriquez requests monetary damages and punitive damages against the Defendants in amounts to be fixed by the trier of fact to be just and reasonable, for pre and pos-judgment interest, for court costs and for all other appropriate relief.

## COUNT V. – Exemplary Damages

27.     The allegations alleged in paragraphs 1 – 20 are realleged and are incorporated hereby by reference.

28.     The collision which is the subject of this lawsuit was proximately caused by the malicious, willful, reckless ad/or wanton of Defendants Breitboy and Foss.  Therefore punitive damages should be awarded to Plaintiff Ricardo Enriquez.

29.     The negligent acts and omissions of the Defendant Breitboy through it's agents, employees, representatives, officers, directors and/or designees, which were a direct and proximate result of the injuries and damages suffered by the Plaintiff, were committed with utter and total disregard of the rights of the Plaintiff, were willful, wanton, reckless and/or grossly negligent, thus entitling the Plaintiff to an award of punitive damages in an amount to be determined by the trier of fact, in order to punish the Defendant and deter others from similar conduct.

30.     The negligent acts and omissions of the Defendant Breitboy as set forth above, and were ratified and/or acquiesced to by the defendant Breitboy and/or committed by agents, employees, representatives, officers, directors and/or designees of the Defendant Breitboy while serving in a managerial capacity.

## JURY DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff and against Defendant, jointly and severally, for compensatory damages in an amount within the jurisdictional limits of the Court; for exemplary damages, as addressed to each Defendant; for all pre-judgment and post-judgment interest as allowed by law and equity; for all costs of court; and for such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*/s/ Gregory L. Gowan*
Gregory L. Gowan
Federal ID No. 19991
Texas Bar No. 00765384
**GOWAN ELIZONDO, LLP**
555 N. Carancahua, Ste 1400
Corpus Christi, Texas 78401
Telephone: 361.651.1000
Facsimile: 361.651.1001
ggowan@glawfirm.com